IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY LITIGATION

MDL No. 2327

------------------------------------------------

*Sherry Fox, et al. v. Ethicon, Inc., et al.*          2:12-cv-00878

# ORDER

Pending before the court is the defendants' Motion to Strike All Expert Reports of Dr. Vladimir Iakovlev and Request for Immediate Hearing [ECF No. 64]. The plaintiffs have failed to file a response to the Motion.

This matter is centered on whether Dr. Iakovlev's expert report should have included various "synoptic reports."[1] The defendants state that they have requested these reports from the opposing counsel several times, and the defendants argue that they have been unable to depose Dr. Iakovlev because they do not possess the "case-specific data and analysis" that make up the "undisclosed backbone of his original reports." Defs.' Mem. Supp. Mot. Strike 5 [ECF No. 69]. The defendants argue the factors discussed in *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011)[2] are

---

[1] Synoptic reports are two-page documents containing Dr. Iakovlev's notes regarding his review of plaintiff-specific pathology slides.

[2] "In determining whether nondisclosure of evidence is substantially justified or harmless, we consider: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony

satisfied here, and the defendants invoke Rule 37(c) of the Federal Rules of Civil Procedure to request that Dr. Iakovlev's reports be stricken[3] and not considered by this court in any of the Wave 1 cases.

The court **FINDS** that a hearing on the defendants' Motion is unnecessary. Based upon the representations made in the defendants' Motion and the plaintiffs' failure to timely respond, the court **GRANTS in part** and **DENIES in part** the Motion [ECF No. 64]. Dr. Iakovlev's reports[4] in this case are **EXCLUDED** and may not be used or considered at trial. To the extent the defendants' Motion seeks to strike Dr. Iakovlev's reports in all of the Wave 1 cases and seeks to have an immediate hearing, the Motion is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 18, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *Hoyle*, 650 F.3d at 329.

[3] The defendants do not explain what they mean when they request the court to "strike" Dr. Iakovlev's reports. The court interprets the request to strike the reports as a request to exclude them from being used or considered at trial.

[4] The term "reports" includes Dr. Iakovlev's expert and synoptic reports.